**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CALUSA BAY NORTH CONDOMINIUM        CASE NO.:
ASSOCIATION, INC. and CALUSA BAY
SOUTH CONDOMINIUM ASSOCIATION, INC.

       Petitioners,

vs.

EMPIRE INDEMNITY INSURANCE
COMPANY,

       Respondent.

_____/

## NOTICE OF REMOVAL

Defendant, Empire Indemnity Insurance Company ("Empire"), pursuant to

28 U.S.C. § 1441(a), hereby removes the action pending in the Circuit Court of the

Twentieth Judicial Circuit of Florida, in and for Collier County, styled *Calusa Bay*

*North Condominium Ass'n, Inc. and Calusa Bay South Condominium Ass'n, Inc. vs. Empire*

*Indemnity Insurance Company,* Case No. 11-2021-CA-001565-0001-XX, and states the

following in support thereof:

## TIMELY NOTICE OF REMOVAL

1.     The Complaint, filed on June 14, 2021, was served on Empire

Indemnity Insurance Company ("Empire") on June 18, 2021.[1]

2.     Under 28 U.S.C. § 1446(b), Empire has at least thirty days from the date the Complaint is served to file a Notice of Removal (assuming it must based on the allegations of the Complaint).

3.     This Notice is timely, since Empire has filed it on or before July 18, 2021, the earliest possible deadline for removal.

## VENUE

4.     Venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, because the state court action originated in Collier County, Florida.

## JURISDICTION

5.     This Court has original jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a), because the Petitioners, along with their members, and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Empire, therefore, is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

7.     At the time of the lawsuit, and the filing of this Notice of Removal,

---

[1] *See* **Exhibit A** (Notice of Service of Process).

there was and still is complete diversity between Petitioners and the Defendant.

8.      The Calusa Bay North Condominium Association ("Calusa North") is a citizen of Florida.[2] It is registered and incorporated as a Not For Profit Corporation in Florida.[3]  Its principal place of business is at 6955 Satinleaf Rd. N., Naples, Florida 34109.[4]

9.      The Calusa Bay South Condominium Association ("Calusa South") is a citizen of Florida.[5]  It is registered and incorporated as a Not For Profit Corporation in Florida.[6]  Its principal place of business is at 6955 Satinleaf Rd. N., Naples, Florida 34109.[7]

10.     Empire is an Oklahoma corporation engaged in the insurance business, with a statutory home office located at, 630 N.E. 63rd Street, Oklahoma City, Oklahoma 73105, and its principal place of business is located at 1299 Zurich Way, Schaumburg, Illinois 60196.   Accordingly, Empire is a citizen of Illinois and Oklahoma for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

11.     Therefore complete diversity exists.

## **AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

12.     Despite suing as joint Petitioners, Calusa North and South allege different grievances. They have each independently pleaded one count for

---

[2] *See* **Exhibit B**, Complaint ¶¶ 3-4.
[3] *See* **Exhibit C** (Sunbiz Corporate Registration Documents for Calusa Bay **North** Association).
[4] *Id.*
[5] *See* **Exhibit B**, Complaint ¶¶ 3-4.
[6] *See* **Exhibit C** (Sunbiz Corporate Registration Documents for Calusa Bay **South** Association).
[7] *Id.*

declaratory judgment and to compel appraisal, which causes of action purport to arise from their respective (and unrelated) insurance policies. They separately allege that their respective properties sustained damage during Hurricane Irma, and that Empire failed to submit to appraisal after acknowledging coverage and making payment for some of the alleged damage upon their demands.[8]

13.    The amount in controversy as between Calusa North and Empire exceeds $75,000.00.  Before suit, Calusa North swore to a loss in the amount of **$14,456,767.87** on December 18, 2018, which after deductibles came to **$13,931,783.47**. Less than two months later, Calusa North swore again, this time to a loss of **$14,460,821.69** on February 15, 2019, which after the deductible allegedly came to the same amount previously claimed of **$13,931,783.47**. On November 16, 2020, Calusa North swore yet again that it suffered a loss, this time, in the amount of **$8,639,063.17**. A five million dollar difference. In the complaint, Calusa North alleges this latest recalculation of **$8,639,063.17** in the amount of loss. Although Empire has paid a little over **$2 million** in adjusting this claim, it has not paid the amount alleged in the complaint. Therefore, the amount in controversy far exceeds the $75,000.00 requirement, exclusive of interest and costs.

14.    The amount in controversy as between Calusa South and Empire exceeds $75,000.00.  Before suit, Calusa South's sworn proof of loss, dated February 15, 2019, claimed a loss of **$23,444,594.37** in replacement costs, which after

---

[8] *See* **Exhibit B**, Complaint ¶¶ 11-13.

deductibles came to **$22,792,095.04**. A little over a year later, however, Calusa South now swore to a loss of **$14,639,893.58** instead, which after deductibles came to **$13,755,290.54**. A ten million dollar difference. In the complaint, Calusa South has clung to its latest assessment of the loss at **$13,755,290.54**.[9] Although Empire has paid a little over **3.8 million** in adjusting this claim, it has not paid the amount alleged in the complaint. Therefore, the amount in controversy far exceeds the $75,000.00 requirement, exclusive of interest and costs.

## **COMPLIANCE WITH 28 U.S.C. § 1446**

15.     Empire files copies of all processes, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446, and the Local Rules of this Court.

16.     Pursuant to 28 U.S.C. § 1446(d), Empire provided written notice of the filing of this Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

17.     Attached to this notice is a copy of all processes, pleadings, and orders served upon the Defendant as required by 28 U.S.C. § 1446(a).[10]

---

[9] **Exhibit B**, Complaint ¶ 44.
[10] *See* **Exhibit D**.

5

BUTLER WEIHMULLER KATZ CRAIG LLP


s/ J. Pablo Cáceres
J. PABLO CÁCERES, ESQ.
Florida Bar No.: 131229
pcaceres@butler.legal
CHRISTIAN LEE GONZALEZ-RIVERA, ESQ.
Florida Bar No 1020707
cgonzalez-rivera@butler.legal
Secondary: mratliff@butler.legal;
                kpadilla@butler.legal;
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
Attorney for Defendant Empire Indemnity
Insurance Company


## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Alicia Lopez, Esq.
BOYLE, LEONARD & ANDERSON, P.A.
2050 McGregor Blvd.
Fort Myers, FL 33901
Eservice@insurance-counsel.com
ALopez@insurance-counsel.com
*Counsel for Petitioners*

by CM/ECF portal on July 16, 2021.


s/ J. Pablo Caceres
J. PABLO CÁCERES, ESQ.