IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION

CALUSA BAY NORTH CONDOMINIUM
ASSOCIATION, INC., and CALUSA BAY
SOUTH CONDOMINIUM ASSOCIATION, INC.

CASE NO.:
JUDGE:

Petitioners,

vs.

EMPIRE INDEMNITY INSURANCE COMPANY,

Respondent.
_____/

## PETITION TO COMPEL APPRAISAL

Petitioner, CALUSA BAY NORTH CONDOMINIUM ASSOCIATION, INC. and CALUSA BAY SOUTH CONDOMINIUM ASSOCIATION, INC., (hereinafter collectively referred to as "Calusa Bay") by and through their undersigned attorneys and pursuant to the Florida Rules of Civil Procedure, hereby sue Respondent, EMPIRE INDEMNITY INSURANCE COMPANY ("Empire") for Declaratory Judgment, and in support thereof, state as follows:

1. This is a Petition for Declaratory Judgment pursuant to F.S. §86.011.

2. This Petition arises from ongoing insurance disputes between the Parties, with an amount in controversy which exceeds $30,000.00 exclusive of attorneys' fees, interest, and costs.

3. Calusa Bay North Condominium Association, Inc. ("Calusa Bay North"), is a Florida not for profit Corporation that, among other things, administers the real property known as Calusa Bay North in Naples, Collier County, Florida.

4. Calusa Bay South Condominium Association, Inc. ("Calusa Bay South"), is a Florida not for profit Corporation that, among other things, administers the real property known as Calusa Bay South in Naples, Collier County, Florida.


EXHIBIT B

5. Empire Indemnity Insurance Company ("Empire") is an insurance company authorized to conduct the business of selling and providing insurance coverage within the State of Florida, including Collier County, Florida.

6. The venue for this action lies in Collier County, Florida because (i) the real property that is the subject matter of this insurance dispute is located in Collier County, Florida, and (ii) the actions giving rise to this dispute occurred in Collier County, Florida.

7. In exchange for premium payments from Calusa Bay, Empire issued Policies of insurance to Calusa Bay covering the condominium properties described therein that were in full force and effect on or about September 10, 2017 and included coverage for damage caused by hurricane ("Policies"). *See* Exhibits A and E, infra.

8. On or about September 10, 2017, that certain weather event known as Hurricane Irma caused damage at the insured premises, including damage to the buildings insured under the policies of insurance issued to Calusa Bay by Empire.

9. The Empire Policies afforded coverage for the damage to the Insured Property sustained as a result of Hurricane Irma on or about September 10, 2017, subject to the terms and conditions set forth therein.

10. Calusa Bay promptly reported the losses to Empire and made claim for policy benefits for the damages caused by Hurricane Irma.

11. Empire acknowledged coverage for the losses and made payment of policy benefits.

12. Calusa Bay disagreed with the amount of loss as determined by Empire and requested Appraisal pursuant to the following policy provision:

> Mediation Or Appraisal
> If we and you:
> B. Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will

select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
1. Pay its chosen appraiser; and
2. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.

13. Empire has failed or refused to submit the claims to appraisal.

14. Prior to the institution of this action, Calusa Bay has performed and/or otherwise satisfied all those matters and things properly required of it under the Empire Policies, including the satisfaction of all conditions precedent thereunder, or alternatively, has been excused from performance of the same by the acts, representations, and/or conduct of Empire.

15. Because the Policies were issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

16. Because the Policies were issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

17. There exists an ongoing and justiciable dispute between the Parties as to whether the Policies issued by Empire to Calusa Bay require Empire to participate in Appraisal of the claim as demanded by Calusa Bay.

18. In accordance with Chapter 86 of the Florida Statutes, Calusa Bay avers that it has genuine concerns and questions about its rights and Empire's duties under the Policies; thus, Calusa Bay seeks from this Court a judicial declaration of those rights, duties and responsibilities.

19. There exists a present, ascertained set of facts, and/or a present controversy concerning said facts, that requires this Court's declaration of the Parties' rights and obligations under the Policies.

20. Both Calusa Bay and Empire have actual and adversarial interests in the Policies and the subject insurance claims before this Court.

21. Calusa Bay has a bona fide, actual, present and practical need for a declaration of its right to proceed to Appraisal under its Policies with Empire.

22. Calusa Bay is entitled to a declaration of its right to proceed to Appraisal on the claim and an Order compelling Empire to participate in the Appraisal of the claim.

23. In invoking this Court's jurisdiction pursuant to Chapter 86 Fla. Stat., Calusa Bay specifically requests that this Court retain jurisdiction for the purpose of awarding any and all appropriate supplemental relief authorized by §86.061 Fla. Stat., including, without limitation, all claims for consequential damages and other relief authorized under Florida law.

## COUNT I – CALUSA BAY NORTH
## PETITION TO COMPEL APPRAISAL

24. Calusa Bay North hereby reiterates and incorporates by reference paragraphs 1 through 23, above, as if fully set forth herein.

25. This is a petition for declaratory judgment under Chapter 86 Fla. Stat.

26. In exchange for payment of a premium in the amount of $56,269.77, Empire issued insurance policy number ECL9490244-04 covering the property located at the Calusa Bay North Condominium Association in Naples, Florida for the policy period January 5, 2017 to January 5, 2018 ("Policy"). A copy of the policy is attached hereto as Exhibit A and incorporated herein by reference.

27. Calusa Bay North promptly reported the loss to Empire on or before September 28, 2017.

28. Empire assigned claim number 5630011138.

29. Empire proceeded to investigate the claim which included inspection of the subject property; requesting and receiving voluminous documents from Calusa Bar North, including three sworn statements in proof of loss with supporting invoices, expert reports, and estimates; surveying the unit owners; and taking the Association's examination under oath twice with the Association's public adjuster also made available for questioning at both examinations under oath.

30. Following its investigation of the claim, Empire concluded that the total Replacement Cost Value of the Loss is $3,132,579.73. A copy of Empire's Statement of Loss is attached hereto as Exhibit B and incorporated herein by reference.

31. Calusa Bay North has evaluated the Replacement Cost Value of the loss at $8,639,063.17. A copy of the final Proof of Loss submitted by Calusa Bay North to Empire is attached hereto as Exhibit C and incorporated herein by reference.

32. Accordingly, there is a dispute as to the amount of the loss.

33. Calusa Bay North has requested appraisal of this claim on December 19, 2018, February 19, 2019, October 30, 2019, June 5, 2020, November 16, 2020, and April 14, 2021. Copies of these Appraisal Demand letters are attached hereto as Composite Exhibit D and incorporated herein by reference.

34. To date, Empire has refused to submit the claim to Appraisal as required by the policy.

35. Because the Policy was issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

36. Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

WHEREFORE, Calusa Bay North respectfully requests that this Court declare the Parties' rights, duties and responsibilities in this action, including without limitation, the following specific declarations:

a. That Empire is required to proceed with Appraisal immediately in accordance with the Policy;

b. That Empire shall appoint its Appraiser within ten days of the date of this Court's Order adjudicating these issues;

c. That this Court retain jurisdiction to appoint an umpire if the party-appointed appraisers are unable to do so as provided for in the policy;

d. That this Court has jurisdiction over the respective parties;

e. That this Court has jurisdiction over the subject matter;

f. To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of pre-judgment interest to Calusa Bay North;

g. To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of post-judgment interest to Calusa Bay North;

h. Adjudicating Calusa Bay North's entitlement to an award of those reasonable attorneys' fees, legal assistant fees, and costs incurred in the prosecution of this

action for declaratory relief, as authorized by §626.9373, §627.428, §57.104 and §57.041 Fla. Stat.;

i. That this Court retain jurisdiction for supplemental proceedings pursuant to §86.061, Fla. Stat.; and

j. Adjudicating such other and further relief as this Court deems just and proper.

## COUNT II – CALUSA BAY SOUTH
## PETITION TO COMPEAL APPRAISAL

37. Calusa Bay South hereby reiterates and incorporates by reference paragraphs 1 through 23, above, as if fully set forth herein.

38. This is a petition for declaratory judgment under Chapter 86 Fla. Stat.

39. In exchange for payment of a premium in the amount of $94,104.84, Empire issued insurance policy number ECL9490240-04 covering the property located at the Calusa Bay South Condominium Association in Naples, Florida for the policy period January 5, 2017 to January 5, 2018 ("Policy"). A copy of the policy is attached hereto as Exhibit E and incorporated herein by reference.

40. Calusa Bay South promptly reported the loss to Empire on or before September 27, 2017.

41. Empire assigned claim number 5630010744.

42. Empire proceeded to investigate the claim which included inspection of the subject property; requesting and receiving voluminous documents from Calusa Bar South, including three sworn statements in proof of loss with supporting invoices, expert reports, and estimates; surveying the unit owners; and taking the Association's examination under oath twice, with the Association's public adjuster also made available for questioning at both examinations under oath.

43. Following its investigation of the claim, Empire concluded that the total Replacement Cost Value of the Loss is $5,096,058.75. A copy of Empire's Statement of Loss is attached hereto as Exhibit F and incorporated herein by reference.

44. Calusa Bay South has evaluated the Replacement Cost Value of the loss at $13,755,290.54. A copy of the final Proof of Loss submitted by Calusa Bay South to Empire is attached hereto as Exhibit G and incorporated herein by reference.

45. Accordingly, there is a dispute as to the amount of the loss.

46. Calusa Bay South has requested appraisal of this claim on December 19, 2018, February 19, 2019, October 30, 2019, June 5, 2020, November 16, 2020, and April 14, 2021. Copies of these Appraisal Demand letters are attached hereto as Composite Exhibit H and incorporated herein by reference.

47. To date, Empire has refused to submit the claim to Appraisal as required by the policy.

48. Because the Policy was issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

49. Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

WHEREFORE, Calusa Bay South respectfully requests that this Court declare the Parties' rights, duties and responsibilities in this action, including without limitation, the following specific declarations:

k. That Empire is required to proceed with Appraisal immediately in accordance with the Policy;

l. That Empire shall appoint its Appraiser within ten days of the date of this Court's Order adjudicating these issues;

m. That this Court retain jurisdiction to appoint an umpire if the party-appointed appraisers are unable to do so as provided for in the policy;

n. That this Court has jurisdiction over the respective parties;

o. That this Court has jurisdiction over the subject matter;

p. To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of pre-judgment interest to Calusa Bay South;

q. To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of post-judgment interest to Calusa Bay South;

r. Adjudicating Calusa Bay South's entitlement to an award of those reasonable attorneys' fees, legal assistant fees, and costs incurred in the prosecution of this action for declaratory relief, as authorized by §626.9373, §627.428, §57.104 and §57.041 Fla. Stat.;

s. That this Court retain jurisdiction for supplemental proceedings pursuant to §86.061, Fla. Stat.; and

t. Adjudicating such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Petitioners hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

BOYLE, LEONARD & ANDERSON, P.A.
2050 McGregor Boulevard

Fort Myers, FL 33901
(239) 337-1303
(239) 337-7674 fax

By: */s/ Alicia M. Lopez*
**Alicia M. Lopez, Esquire**
Florida Bar No.: 161160
Eservice@Insurance-Counsel.com
ALopez@Insurance-Counsel.com

***Attorney for Petitioners***