## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CALUSA BAY NORTH CONDOMINIUM
ASSOCIATION, INC. and CALUSA BAY
SOUTH CONDOMINIUM ASSOCIATION, INC.,

                                                      CASE NO.: 2:21-CV-540-JLB-NPM

        Plaintiffs,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

        Defendant.
_____/

## AMENDED COMPLAINT

Plaintiffs, Calusa Bay North Condominium Association, Inc., and Calusa Bay South Condominium Association, Inc., (collectively, "Calusa Bay") by and through their undersigned counsel, hereby files its Amended Complaint against Empire Indemnity Insurance Company, ("Empire"), and alleges as follows:

1.    This lawsuit arises from ongoing insurance disputes between the Parties, with an amount in controversy which exceeds $75,000.00 exclusive of attorneys' fees, interest, and costs.

2.    Calusa Bay North Condominium Association, Inc. ("Calusa Bay North"), is a Florida not for profit Corporation that, among other things, administers the real property known as Calusa Bay North in Naples, Collier County, Florida.

3.     Calusa Bay South Condominium Association, Inc. ("Calusa Bay South"), is a Florida not for profit Corporation that, among other things, administers the real property known as Calusa Bay South in Naples, Collier County, Florida.

4.     Empire Indemnity Insurance Company ("Empire") is an insurance company authorized to conduct the business of selling and providing insurance coverage within the State of Florida, including Collier County, Florida.

5.     The venue for this action lies in Collier County, Florida because (i) the real property that is the subject matter of this insurance dispute is located in Collier County, Florida, and (ii) the actions giving rise to this dispute occurred in Collier County, Florida.

6.     In exchange for premium payments from Calusa Bay, Empire issued Policies of insurance to Calusa Bay covering the condominium properties described therein that were in full force and effect on or about September 10, 2017 and included coverage for damage caused by hurricane ("Policies"). *See* Exhibits A and E, infra.

7.     On or about September 10, 2017, that certain weather event known as Hurricane Irma caused damage at the insured premises, including damage to the buildings insured under the policies of insurance issued to Calusa Bay by Empire.

8.     The Empire Policies afforded coverage for the damage to the Insured Property sustained as a result of Hurricane Irma on or about September 10, 2017, subject to the terms and conditions set forth therein.

9.     Calusa Bay promptly reported the losses to Empire and made claim for policy benefits for the damages caused by Hurricane Irma.

10.     Empire acknowledged coverage for the losses and made payment of policy benefits.

11.     Calusa Bay disagreed with the amount of loss as determined by Empire and requested Appraisal pursuant to the following policy provision:

> Mediation Or Appraisal
> If we and you:
> B. Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> 1. Pay its chosen appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

12.     Empire has failed or refused to submit the claims to appraisal.

13.     Prior to the institution of this action, Calusa Bay has performed and/or otherwise satisfied all those matters and things properly required of it

under the Empire Policies, including the satisfaction of all conditions precedent thereunder, or alternatively, has been excused from performance of the same by the acts, representations, and/or conduct of Empire.

## COMMON ALLEGATIONS CALUSA BAY NORTH

14.     In exchange for payment of a premium in the amount of $56,269.77, Empire issued insurance policy number ECL9490244-04 covering the property located at the Calusa Bay North Condominium Association in Naples, Florida for the policy period January 5, 2017 to January 5, 2018 ("Policy"). A copy of the policy is attached hereto as Exhibit A and incorporated herein by reference.

15.     Calusa Bay North promptly reported the loss to Empire on or before September 28, 2017.

16.     Empire assigned claim number 5630011138.

17.     Empire proceeded to investigate the claim which included inspection of the subject property; requesting and receiving voluminous documents from Calusa Bar North, including three sworn statements in proof of loss with supporting invoices, expert reports, and estimates; surveying the unit owners; and taking the Association's examination under oath twice with the Association's public adjuster also made available for questioning at both examinations under oath.

18.     Following its investigation of the claim, Empire concluded that the total Replacement Cost Value of the Loss is $3,132,579.73. A copy of Empire's Statement of Loss is attached hereto as Exhibit B and incorporated herein by reference.

19.     Calusa Bay North has evaluated the Replacement Cost Value of the loss at $8,639,063.17. A copy of the final Proof of Loss submitted by Calusa Bay North to Empire is attached hereto as Exhibit C and incorporated herein by reference.

20.     Accordingly, there is a dispute as to the amount of the loss.

21.     Calusa Bay North has requested appraisal of this claim on December 19, 2018, February 19, 2019, October 30, 2019, June 5, 2020, November 16, 2020, and April 14, 2021. Copies of these Appraisal Demand letters are attached hereto as Composite Exhibit D and incorporated herein by reference.

22.     To date, Empire has refused to submit the claim to Appraisal as required by the policy.

## COMMON ALLEGATIONS CALUSA BAY SOUTH

23.     In exchange for payment of a premium in the amount of $94,104.84, Empire issued insurance policy number ECL9490240-04 covering the property located at the Calusa Bay South Condominium Association in Naples, Florida for

the policy period January 5, 2017 to January 5, 2018 ("Policy"). A copy of the policy is attached hereto as Exhibit E and incorporated herein by reference.

24.     Calusa Bay South promptly reported the loss to Empire on or before September 27, 2017.

25.     Empire assigned claim number 5630010744.

26.     Empire proceeded to investigate the claim which included inspection of the subject property; requesting and receiving voluminous documents from Calusa Bar South, including three sworn statements in proof of loss with supporting invoices, expert reports, and estimates; surveying the unit owners; and taking the Association's examination under oath twice, with the Association's public adjuster also made available for questioning at both examinations under oath.

27.     Following its investigation of the claim, Empire concluded that the total Replacement Cost Value of the Loss is $5,096,058.75. A copy of Empire's Statement of Loss is attached hereto as Exhibit F and incorporated herein by reference.

28.     Calusa Bay South has evaluated the Replacement Cost Value of the loss at $13,755,290.54. A copy of the final Proof of Loss submitted by Calusa Bay South to Empire is attached hereto as Exhibit G and incorporated herein by reference.

29.     Accordingly, there is a dispute as to the amount of the loss.

30.     Calusa Bay South has requested appraisal of this claim on December 19, 2018, February 19, 2019, October 30, 2019, June 5, 2020, November 16, 2020, and April 14, 2021. Copies of these Appraisal Demand letters are attached hereto as Composite Exhibit H and incorporated herein by reference.

31.     To date, Empire has refused to submit the claim to Appraisal as required by the policy.

## COUNT I – CALUSA BAY NORTH
## PETITION TO COMPEL APPRAISAL

32.     Calusa Bay North hereby reiterates and incorporates by reference paragraphs 1 through 22, above, as if fully set forth herein.

33.     This is an action for declaratory judgment pursuant to 28 U.S.C.A. § 2201 et seq.; specifically, Calusa Bay North requests for this Court's (i) declaration of the Parties' rights, duties and responsibilities under the Policy with respect to the Loss and the Insurance Claim (and those insurance policy benefits recoverable thereunder); (ii) declaration of the legal status of each of the Parties as it concerns the Policy; and (iii) award of all other relief (separate and apart from the damages and/or other forms of relief available to the Plaintiffs under any other stated count set forth herein).

34.     There exists an ongoing and justiciable dispute between Calusa Bay North and Empire with respect to the type/extent of coverages, coverage benefits,

and/or contractual remedies due to Calusa Bay North under the Policy's terms and provisions in light of the particular facts and circumstances of the Loss and the resulting Insurance Claim.

35.     Calusa Bay North avers that it has genuine concerns and questions about its legal status, its rights, and Empire's duties under the Policy, in the context of the facts and circumstances attendant to the Loss and the Insurance Claim; thus, it is seeking from this Court a judicial declaration of said status, rights, duties and responsibilities.

36.     There exists a present, ascertained set of facts, and/or a present controversy concerning the Policy's operative terms and provisions in the context of the facts and circumstances attendant to the Loss and the Insurance Claim that requires this Court's declaration of the Parties' status, rights and obligations under the Policy. The aforesaid controversy concerns legal questions and/or other requested forms of relief that are separate and distinct from those disputed questions of fact at issue in the other stated claims for relief set forth herein.

37.     Both Calusa Bay North and Empire have actual and adversarial interests in the Policy and the subject Insurance Claim before this Court.

38.     Calusa Bay North seeks, among other things, this Court's declaration of the Insured's entitlement to binding appraisal proceedings in accordance with the Policy's Appraisal Clause, or, alternatively, its entitlement to all insurance

benefits owed to it as a result of the Loss, including, without limitation, the amount(s) at issue in the Proof of Loss.

39.     In invoking this Court's jurisdiction pursuant to 28 U.S.C.A. §2201, Calusa Bay North specifically requests that this Court retain jurisdiction for the purpose of awarding any and all appropriate relief authorized thereunder, including, without limitation, all claims for consequential damages and other relief deemed appropriate by this Court.

40.     Because the Policy was issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

41.     Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

WHEREFORE, Calusa Bay North respectfully requests that this Court declare the Parties' rights, duties and responsibilities in this action, including without limitation, the following specific declarations:

a.     That Empire is required to proceed with Appraisal immediately in accordance with the Policy;

b.  That Empire shall appoint its Appraiser within ten days of the date of this Court's Order adjudicating these issues;

c.  That this Court retain jurisdiction to appoint an umpire if the party-appointed appraisers are unable to do so as provided for in the policy;

d.  That this Court has jurisdiction over the respective parties;

e.  That this Court has jurisdiction over the subject matter;

f.  To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of pre-judgment interest to Calusa Bay North;

g.  To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of post-judgment interest to Calusa Bay North;

h.  Adjudicating Calusa Bay North's entitlement to an award of those reasonable attorneys' fees, legal assistant fees, and costs incurred in the prosecution of this action for declaratory relief, as authorized by §626.9373, §627.428, §57.104 and §57.041 Fla. Stat.;

i.  That this Court retain jurisdiction for supplemental proceedings; and

j.  Adjudicating such other and further relief as this Court deems just and proper.

## COUNT II – CALUSA BAY SOUTH
## PETITION TO COMPEL APPRAISAL

42.     Calusa Bay South hereby reiterates and incorporates by reference paragraphs 1 through 13 and 23 through 31, above, as if fully set forth herein.

43.     This is an action for declaratory judgment pursuant to 28 U.S.C.A. § 2201 et seq.; specifically, Calusa Bay South requests for this Court's (i) declaration of the Parties' rights, duties and responsibilities under the Policy with respect to the Loss and the Insurance Claim (and those insurance policy benefits recoverable thereunder); (ii) declaration of the legal status of each of the Parties as it concerns the Policy; and (iii) award of all other relief (separate and apart from the damages and/or other forms of relief available to the Plaintiffs under any other stated count set forth herein).

44.     There exists an ongoing and justiciable dispute between Calusa Bay South and Empire with respect to the type/extent of coverages, coverage benefits, and/or contractual remedies due to Calusa Bay South under the Policy's terms and provisions in light of the particular facts and circumstances of the Loss and the resulting Insurance Claim.

45.     Calusa Bay South avers that it has genuine concerns and questions about its legal status, its rights, and Empire's duties under the Policy, in the context of the facts and circumstances attendant to the Loss and the Insurance Claim; thus,

it is seeking from this Court a judicial declaration of said status, rights, duties and responsibilities.

46.    There exists a present, ascertained set of facts, and/or a present controversy concerning the Policy's operative terms and provisions in the context of the facts and circumstances attendant to the Loss and the Insurance Claim that requires this Court's declaration of the Parties' status, rights and obligations under the Policy. The aforesaid controversy concerns legal questions and/or other requested forms of relief that are separate and distinct from those disputed questions of fact at issue in the other stated claims for relief set forth herein.

47.    Both Calusa Bay South and Empire have actual and adversarial interests in the Policy and the subject Insurance Claim before this Court.

48.    Calusa Bay South seeks, among other things, this Court's declaration of the Insured's entitlement to binding appraisal proceedings in accordance with the Policy's Appraisal Clause, or, alternatively, its entitlement to all insurance benefits owed to it as a result of the Loss, including, without limitation, the amount(s) at issue in the Proof of Loss.

49.    In invoking this Court's jurisdiction pursuant to 28 U.S.C.A. §2201, Calusa Bay South specifically requests that this Court retain jurisdiction for the purpose of awarding any and all appropriate relief authorized thereunder,

including, without limitation, all claims for consequential damages and other relief deemed appropriate by this Court.

50. Because the Policy was issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

51. Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

WHEREFORE, Calusa Bay South respectfully requests that this Court declare the Parties' rights, duties and responsibilities in this action, including without limitation, the following specific declarations:

a. That Empire is required to proceed with Appraisal immediately in accordance with the Policy;

b. That Empire shall appoint its Appraiser within ten days of the date of this Court's Order adjudicating these issues;

c. That this Court retain jurisdiction to appoint an umpire if the party-appointed appraisers are unable to do so as provided for in the policy;

d. That this Court has jurisdiction over the respective parties;

e. That this Court has jurisdiction over the subject matter;

f.    To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of pre-judgment interest to Calusa Bay South;

g.    To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of post-judgment interest to Calusa Bay South;

h.    Adjudicating Calusa Bay South's entitlement to an award of those reasonable attorneys' fees, legal assistant fees, and costs incurred in the prosecution of this action for declaratory relief, as authorized by §626.9373, §627.428, §57.104 and §57.041 Fla. Stat.;

i.    That this Court retain jurisdiction for supplemental proceedings; and

j.    Adjudicating such other and further relief as this Court deems just and proper.

## COUNT III – CALUSA BAY NORTH
## SPECIFIC PERFORMANCE

52.    Calusa Bay North hereby reiterates and incorporates by reference paragraphs 1 through 22, above, as if fully set forth herein.

53.    This is an action for the equitable remedy of specific performance under the Policy; specifically, and with respect to the resolution of the Insurance Claim, this is an action to compel Empire's participation in binding appraisal proceedings in accordance with the Policy's Appraisal Clause.

54.     At all times relevant hereto, the Policy was a binding contract between the Parties, including the terms and provisions of the Policy's Appraisal Clause.

55.     The Parties never waived, modified, or rejected the Appraisal Clause's terms.

56.     As evidenced by the facts and circumstances of the Insurance Claim alleged herein, Calusa Bay North timely and appropriately invoked its demand for binding appraisal proceedings in accordance with the Policy's Appraisal Clause

57.     Empire refused to submit to binding appraisal proceedings in accordance with the Policy's Appraisal Clause; such failure is violative of both the Policy and Florida law.

58.     Florida law is clear: when an insurance policy contains an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, neither party has a right to deny that demand." *See generally*, *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp.3d 1293, 1296 (M.D. Fla. 2019) (quoting, *United Cmty. Ins. Co. v. Lewis*, 642 So.2d 59, 60 (Fla. 3d DCA 1994). In instances where an insurer acknowledges insurance coverage, either in whole or in part, the appraisal remedy can be properly invoked. When the disagreement concerns the amount of loss, there is no "policy defense"

or "coverage defense" at issue; thus, it is for the appraisers (and not the court) to arrive at the amount to be paid. *See generally*, *Gonzalez v. State Farm Fire And Cas. Co.*, 805 So.2d 814, 816-17 (Fla. 3d DCA), *aff'd*, *State Farm Fire and Cas. Co. v. Gonzalez*, 828 So.2d 1021 (Fla. 2002).

59.     Empire's wrongful refusal to resolve the Insurance Claim via binding appraisal proceedings has left Calusa Bay North without an adequate remedy at law; specifically, and in the absence of Empire's compliance with the Policy's Appraisal Clause, Calusa Bay North is unable to fully exercise and/or otherwise act upon its contractual right to resolve the Insurance Claim via this extra-judicial mechanism. A properly seated Appraisal Panel is uniquely situated and qualified to expeditiously and efficiently resolve the Insurance Claim in a manner that saves time, saves money, and preserves judicial resources.  Empire's refusal continues to deprive Calusa Bay North of its ability to resolve this Insurance Claim in a format and forum previously agreed upon by the Parties.

60.     Those injuries resulting from Empire's denial of Calusa Bay North's contractual entitlement to binding appraisal in accordance with the Policy's Appraisal Clause cannot be adequately addressed (nor monetarily redressed) in an action for damages at law.

61.     In accordance with those principles governing an action for specific performance, this Court enjoys jurisdiction over Calusa Bay North's stated claim

for relief, and, further, has the inherent discretion to require Empire's compliance with the terms and provisions of the Policy's Appraisal Clause, an extra-judicial mechanism long sanctioned by Florida courts.

62.     Because the Policy was issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

63.     Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

WHEREFORE, Calusa Bay North respectfully requests this Court's entry of an Order compelling Empire's submission to binding appraisal proceedings in accordance with the Policy's Appraisal Clause, together with an award of all other relief that this Court deems just and appropriate.

## COUNT IV – CALUSA BAY SOUTH
## SPECIFIC PERFORMANCE

64.     Calusa Bay South hereby reiterates and incorporates by reference paragraphs 1 through 13 and 23 through 31, above, as if fully set forth herein.

65.     This is an action for the equitable remedy of specific performance under the Policy; specifically, and with respect to the resolution of the Insurance

Claim, this is an action to compel Empire's participation in binding appraisal proceedings in accordance with the Policy's Appraisal Clause.

66.     At all times relevant hereto, the Policy was a binding contract between the Parties, including the terms and provisions of the Policy's Appraisal Clause.

67.     The Parties never waived, modified, or rejected the Appraisal Clause's terms.

68.     As evidenced by the facts and circumstances of the Insurance Claim alleged herein, Calusa Bay South timely and appropriately invoked its demand for binding appraisal proceedings in accordance with the Policy's Appraisal Clause

69.     Empire refused to submit to binding appraisal proceedings in accordance with the Policy's Appraisal Clause; such failure is violative of both the Policy and Florida law.

70.     Florida law is clear: when an insurance policy contains an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, neither party has a right to deny that demand." *See generally*, *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp.3d 1293, 1296 (M.D. Fla. 2019) (quoting, *United Cmty. Ins. Co. v. Lewis*, 642 So.2d 59, 60 (Fla. 3d DCA 1994). In instances where an insurer acknowledges insurance coverage, either in whole or in part, the appraisal remedy can be properly invoked.

When the disagreement concerns the amount of loss, there is no "policy defense" or "coverage defense" at issue; thus, it is for the appraisers (and not the court) to arrive at the amount to be paid. *See generally*, *Gonzalez v. State Farm Fire And Cas. Co.*, 805 So.2d 814, 816-17 (Fla. 3d DCA), *aff'd*, *State Farm Fire and Cas. Co. v. Gonzalez*, 828 So.2d 1021 (Fla. 2002).

71.   Empire's wrongful refusal to resolve the Insurance Claim via binding appraisal proceedings has left Calusa Bay South without an adequate remedy at law; specifically, and in the absence of Empire's compliance with the Policy's Appraisal Clause, Calusa Bay South is unable to fully exercise and/or otherwise act upon its contractual right to resolve the Insurance Claim via this extra-judicial mechanism. A properly seated Appraisal Panel is uniquely situated and qualified to expeditiously and efficiently resolve the Insurance Claim in a manner that saves time, saves money, and preserves judicial resources.  Empire's refusal continues to deprive Calusa Bay South of its ability to resolve this Insurance Claim in a format and forum previously agreed upon by the Parties.

72.   Those injuries resulting from Empire's denial of Calusa Bay South's contractual entitlement to binding appraisal in accordance with the Policy's Appraisal Clause cannot be adequately addressed (nor monetarily redressed) in an action for damages at law.

73.     In accordance with those principles governing an action for specific performance, this Court enjoys jurisdiction over Calusa Bay South's stated claim for relief, and, further, has the inherent discretion to require Empire's compliance with the terms and provisions of the Policy's Appraisal Clause, an extra-judicial mechanism long sanctioned by Florida courts.

74.     Because the Policy was issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

75.     Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

WHEREFORE, Calusa Bay South respectfully requests this Court's entry of an Order compelling Empire's submission to binding appraisal proceedings in accordance with the Policy's Appraisal Clause, together with an award of all other relief that this Court deems just and appropriate.

## COUNT V – CALUSA BAY NORTH
## BREACH OF CONTRACT

76.     Calusa Bay North hereby reiterates and incorporates by reference paragraphs 1 through 22, above, as if fully set forth herein.

77.     This is an action for damages resulting from Empire's breach of the Policy.

78.     The Policy is a binding contract between the Parties.

79.     Rather than (i) honor Calusa Bay North's demand for resolution of the Insurance Claim via binding appraisal proceedings in accordance with the Policy's Appraisal Clause, and/or (ii) otherwise extend those benefits due under the Policy's available coverages for those covered damages caused by and/or arising from the Loss and/or as otherwise presented in the Insurance Claim, Empire unilaterally and wrongfully breached the Policy.

80.     As a result of Empire's breach of the Policy, Calusa Bay North has been, and remains, monetarily damaged.

81.     Because the Policy was issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

82.     Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

WHEREFORE, Calusa Bay North requests the entry of a Final Judgment against Empire, wherein Calusa Bay North is awarded compensatory damages,

consequential damages, attorney's fees, costs, pre-judgment-, post-loss, and/or post-judgment interest, together with all other relief that this Court deems just and appropriate.

## COUNT VI – CALUSA BAY SOUTH
## BREACH OF CONTRACT

83.    Calusa Bay South hereby reiterates and incorporates by reference paragraphs 1 through 13 and 23 through 31, above, as if fully set forth herein.

84.    This is an action for damages resulting from Empire's breach of the Policy.

85.    The Policy is a binding contract between the Parties.

86.    Rather than (i) honor Calusa Bay South's demand for resolution of the Insurance Claim via binding appraisal proceedings in accordance with the Policy's Appraisal Clause, and/or (ii) otherwise extend those benefits due under the Policy's available coverages for those covered damages caused by and/or arising from the Loss and/or as otherwise presented in the Insurance Claim, Empire unilaterally and wrongfully breached the Policy.

87.    As a result of Empire's breach of the Policy, Calusa Bay South has been, and remains, monetarily damaged.

88.    Because the Policy was issued and delivered in Florida, this action is subject to the terms of §626.9373 and/or §627.428 Fla. Stat., which mandate an

award of attorneys' fees in favor of a prevailing insured, including additional insureds.

89.    Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

WHEREFORE, Calusa Bay South requests the entry of a Final Judgment against Empire, wherein Calusa Bay South is awarded compensatory damages, consequential damages, attorney's fees, costs, pre-judgment-, post-loss, and/or post-judgment interest, together with all other relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

To the extent that any aspect of the Parties' instant insurance coverage dispute and/or Calusa  Bay's Insurance Claim is <u>not</u> referred to binding appraisal proceedings in accordance with the Policy's Appraisal Clause and Calusa Bay's continuing demand for the same, Calusa Bay demands a trial by jury on all issues so triable. In making such demand, Calusa Bay is in no way waiving its right to binding appraisal in this matter.

## NOTICE OF CONSENT

The undersigned hereby gives Notice that Counsel for Defendant, Empire Indemnity Insurance Company, has given consent for the filing of this Amended Complaint.

By:___/s/ Alicia M. Lopez_____
Alicia M. Lopez (FBN: 161160)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 29, 2021, I electronically filed the foregoing with the United States District Court/Middle District by using the CM/ECF system.

Respectfully submitted,

By:___/s/ Alicia M. Lopez_____
Alicia M. Lopez (FBN: 161160)
**BOYLE, LEONARD & ANDERSON, P.A.**
9111 W. College Pointe Drive
Fort Myers, FL 33919
Telephone: (239) 337-1303
Facsimile: (239) 337-7674
Primary:  EService@Insurance-Counsel.com
Secondary:  ALopez@Insurance-Counsel.com
*Counsel for Petitioners*

## SERVICE LIST

**BUTLER WEIHMULLER KATZ CRAIG LLP**
J. Pablo Caceres, Esq.
Florida Bar No.: 131229
Christian Lee Gonzalez-Rivera, Esq.
Florida Bar No: 1020707
pcaceres@butler.legal
cgonzalez-rivera@butler.legal
mratliff@butler.legal
kpadilla@butler.legal
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
***Counsel for Respondent***