UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CALUSA BAY NORTH
CONDOMINIUM ASSOCIATION,
INC. and CALUSA BAY SOUTH
CONDOMINIUM ASSOCIATION,
INC.,

        Plaintiffs,

v.                                      Case No:  2:21-cv-540-JLB-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

      This is a Hurricane Irma insurance dispute between Plaintiffs Calusa Bay North Condominium Association, Inc. and Calusa Bay South Condominium Association, Inc. (together, "Calusa Bay") and their insurer, Defendant Empire Indemnity Insurance Company ("Empire"). The Magistrate Judge entered an order (the "Appraisal Order") granting Calusa Bay's Motion to Compel Appraisal (Doc. 12) as to the amount-of-loss issue. (Doc. 36). Empire has filed an objection to the Appraisal Order, arguing that appraisal is inappropriate. (Doc. 39). After an independent review of the record, the Court **OVERRULES** Empire's Objections (Doc. 39) and **DENIES as moot** Empire's Motion for Stay Order Pending Review of Empire's Objections to Magistrate's Order Compelling Appraisal (Doc. 40).

## BACKGROUND

Empire issued property insurance policies to Calusa Bay which included appraisal provisions. (Doc. 26 at ¶¶ 4, 6–7). The appraisal provisions provide as follows:

> If we and you . . . [d]isagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> 1. Pay its chosen appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Doc. 26 at ¶ 11; Doc. 26-1 at 51; Doc. 26-5 at 52). After Calusa Bay suffered a loss and submitted claims to Empire, Empire admitted coverage for some of the loss and made payments, but Calusa Bay claims that a dispute arose as to the amount of loss. (Doc. 26 at ¶¶ 10, 17–20, 26–29; Doc. 32 at ¶¶ 10, 17–20, 26–29; Doc. 26-2; Doc. 26-6). Calusa Bay requested an appraisal under the policies, which it alleges Empire improperly refused. (Doc. 26 at ¶¶ 11–13; Doc. 32 at ¶¶ 11–13; Doc. 26-4 at 2–14; Doc. 26-8 at 10–14).

Calusa Bay sued for breach of contract and seeks, among other things, a declaratory judgment compelling appraisal. (Doc. 26 at 7–23). Calusa Bay filed its Motion to Compel Appraisal (Doc. 12) on September 27, 2021, which the Magistrate

Judge granted on September 30, 2022. (Doc. 36). In that order, the Magistrate Judge referred the amount-of-loss issues to an appraisal panel and set various deadlines, including an October 21, 2022 deadline for each party to select a competent and impartial appraiser. (Doc. 36 at 18–19). The Magistrate Judge further stayed discovery but permitted the parties "with the concurrence of at least two members of the appraisal panel [to] seek leave to conduct discovery concerning the amount-of-loss issues referred to the appraisal panel for resolution." (*Id.* at 18).

Empire has since filed objections to the order compelling appraisal (Doc. 39) and a motion to stay appraisal deadlines pending this Court's review of those objections (Doc. 40).

## DISCUSSION

Empire has not shown that the Magistrate Judge erred in finding appraisal appropriate. Empire raises various objections, which the Court addresses in turn.

**I.    Standard of Review**

Empire first contends that this Court must review the Magistrate Judge's order de novo. (Doc. 39 at 2–5). Generally, a magistrate judge may resolve any nondispositive pretrial matter through a written order. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). If a party raises a timely objection, the district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Conversely, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C).

3

This matter came to the Court as a pretrial order granting Calusa Bay's motion to compel appraisal. (Doc. 36). In all events, Calusa Bay's Motion to Compel Appraisal (Doc. 12) is due to be granted whether the Court reviews the order for clear error or conducts de novo review.

## II. The Court has the authority to compel appraisal.

Empire's first two arguments—that Calusa Bay failed to sufficiently plead specific performance and obtain summary judgment in its favor—stand for the same proposition: that, despite the clear language of the contract between the parties, this Court lacks the authority to compel appraisal at this stage in the litigation. (Doc. 39 at 5–17). This Court has previously rejected similar arguments raised by Empire.[1] As in the other cases before this Court, Empire fails to point this Court to any sound authority supporting its position that Florida courts lack authority to compel appraisal.

Contrary to Empire's suggestion that the Court may only compel appraisal after granting summary judgment on a pleaded claim for injunctive relief or specific performance, courts in this district have determined that "parties can seek

---

[1] *See, e.g.*, *Creekside Crossing Condominium Association, Inc. v. Empire Indemnity Insurance Company*, No. 2:20-cv-136-JLB-MRM, 2022 WL 780950 (M.D. Fla. Mar. 15, 2022), *appeal filed*, No. 22-10894 (11th Cir. Mar. 22, 2022); *Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM (M.D. Fla. Feb. 1, 2022), ECF No. 76, *appeal filed*, No. 22-10713-CC (11th Cir. Mar. 3, 2022); *Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.,* No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731 (M.D. Fla. Aug. 16, 2019); *Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-NPM, 2022 WL 714809 (M.D. Fla. Mar. 10, 2022)*, appeal filed*, No. 22-10889 (11th Cir. Mar. 22, 2022).

appraisal through breach of contract and declaratory judgment actions.*" Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-NPM, 2021 WL 1610092, at *1 (M.D. Fla. Apr. 26, 2021) (citations omitted). Moreover, a party need not move for summary judgment to compel appraisal because "appraisal will not dispose of any claims or defenses." *Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-81-FtM-38NPM, 2019 WL 3852731, at *2 (M.D. Fla. Aug. 16, 2019). To the contrary, under Florida law, appraisal determines only the amount payable under an insurance policy, not whether there is an obligation to pay that amount. *See Hanover Fire Ins. Co. v. Lewis*, 10 So. 297, 302 (Fla. 1891) ("[I]f, after such ascertainment of the amount of the loss, it should be found that the insurers were legally liable for such loss, they at once became bound for the 'amount' ascertained and awarded by such arbitrators.").

Similarly, as to Empire's contentions that the appraisal issue must be resolved on summary judgment or at trial, the "law in Florida is clear that issues of coverage and liability under an insurance policy are for the court or jury, respectively, whereas a dispute regarding the amount of loss found to be covered under the policy is subject to appraisal if so provided in the insurance policy." *State Farm Florida Ins. Co. v. Hernandez*, 172 So. 3d 473, 476 (Fla. 3d DCA 2015). Here, the policies' unambiguous text provides that a decision by the appraisal panel on the amount of loss "will be binding" on the parties. (Doc. 26-1 at 51; Doc. 26-5 at 52).

Empire also argues that the Florida Supreme Court has "overturned Florida's 'prior policy' of compelling appraisals by analogizing them to arbitrations traveling under its Arbitration Code." (Doc. 39 at 12 (citing *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762, 765 (Fla. 2002))). But "appraisal clauses are treated similarly to arbitration clauses." *Fla. Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th DCA 2009); *see also Three Palms Pointe, Inc. v. State Farm Fire and Cas. Co.*, 250 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003), *aff'd*, 362 F.3d 1317 (11th Cir. 2004). And "[m]otions to compel arbitration should be granted whenever the parties have agreed to arbitration and the court entertains no doubts that such an agreement was made." *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1103 (Fla. 3d DCA 1994) (discussing appraisal provision); *see also U.S. Fidelity & Guar. Co. v. Romay*, 744 So. 2d 467, 469 (Fla. 3d DCA 1999) ("When a party refuses to arbitrate a dispute in accordance with the policy's arbitration clause, the other party may bring an action to compel arbitration.") (citation omitted). In all events, even if the Florida Arbitration Code or Federal Arbitration Act do not provide a basis to compel appraisal, the Magistrate Judge did not rely on either statute as the authority to compel appraisal. (*See* Doc. 36).

Finally, Empire contends that compelling appraisal is a procedural matter that would require application of Federal Rule of Civil Procedure 65. (Doc. 39 at 9). But it is the parties' contracts that provide for appraisal. *See, e.g., Citrus Contracting LLC v. Phila. Indem. Ins. Co.*, No. 6:19-cv-1161-Orl-31LRH, 2019 WL 5191417, at *2 (M.D. Fla. Sept. 30, 2019), *adopted*, 2019 WL 5190925 (M.D. Fla.

6

Oct. 15, 2019) (applying state substantive law to appraisal issue in diversity action). Empire neither supports with persuasive authority its proposition that compelling appraisal pursuant to a contract's appraisal provision is a procedural matter nor explains how the application of federal procedural law would change the result here.

In short, Empire is unable to repudiate the terms of its policies with Calusa Bay, and the Magistrate Judge did not err on these grounds.[2]

### III.   Whether Appraisal of ACV or RCV Is Appropriate

Empire next contends that the Magistrate Judge "erred in allowing the appraisal of improperly calculated ACV and unspent RCV." (Doc. 39 at 17–19). Specifically, Empire notes the Order's language that the "the appraisal award must be stated in terms that coincide with the contours of the policy," which requires presenting "the replacement cost, actual cash value, ordinance or law, debris removal, and other benefit figures for each building, and account for any per-building deductibles." (Doc. 36 at 17).

---

[2] The Court agrees with the Magistrate Judge that this authority would not be affected by unnecessarily pleaded claims for specific performance. (Doc. 36 at 16).

> While an order referring the amount-of-loss issues to an appraisal panel may moot improper claims in a complaint styled as "petition to compel appraisal" or "specific performance for appraisal," the inclusion of unnecessary claims in a pleading does not affect the court's authority to refer disputed issues to an alternative-dispute-resolution process or to give effect to other non-performance terms (venue, choice-of-law, class-action waiver, jury waiver) in a contract.

(*Id.* at 16 n.6).

Any dispute about whether Calusa Bay properly seeks actual cash value or replacement cost value, however, is "not [a] bas[i]s for denying appraisal." *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-cv-779-FtM-99UAM, 2019 WL 2281678, at *4 (M.D. Fla. May 29, 2019), *aff'd*, 843 F. App'x 189 (11th Cir. 2021). A "review of the [c]omplaint's allegations shows that the parties at least disagree as to the amount of loss. Whether either party is justified in its disagreement is not an issue the Court addresses when determining whether appraisal is appropriate." *Id.* Put differently, Empire's contentions about what losses are covered by the policy relate to a separate legal dispute that should be raised in a motion for summary judgment or at trial—not in opposing appraisal. Empire appears to acknowledge as much. (*See* Doc. 39 at 18 (arguing that "even if appraised, such amounts would not be enforceable")). Indeed, Empire's ability to contest coverage of the reported losses is wholly unaffected by the appraisal process. *See, e.g., Sunshine State Ins. Co. v. Rawlins*, 34 So. 3d 753, 754 (Fla. 3d DCA 2010) (citation omitted) ("[T]he order in which the issues of damages and coverage are to be determined by arbitration and the court is left to the discretion of the trial court."); *Am. Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n*, 306 So. 3d 1238, 1243 (Fla. 2d DCA 2020) ("The appraisal addresses the amount of loss. . . . Our disposition without prejudice to [plaintiff's] right to contest coverage as a matter of law and continue litigating its coverage defense after the appraisal."); *SafePoint Ins. Co. v. Hallet*, 322 So. 3d 204, 208 (Fla. 5th DCA 2021). Accordingly, the Magistrate Judge did not err in granting the appraisal here.

### IV.     Whether Guidelines for the Appraisal Process Are Appropriate

Empire also contends that the Magistrate Judge erred in deciding not to impose guidelines for the appraisal process. (Doc. 39 at 19–20). Empire suggests that the appraisal process may lack sufficient safeguards to protect its due process rights. (*Id.* at 19). But "[o]nce a trial court has determined that the appraisal provisions of a contract of insurance have been properly invoked, further proceedings should be conducted *in accord with those provisions*." *Suarez*, 833 So. 2d at 765 (emphasis added). Here, no provision in the contracts calls for additional guidelines. Accordingly, beyond the Magistrate Judge's instructions that the award "present the replacement cost, actual cash value, ordinance or law, debris removal, and other benefit figures for each building, and account for any per-building deductibles," it would be inappropriate for the Court to impose any further guidelines. (Doc. 36 at 17).[3] The Magistrate Judge thus did not err.

### V.     **Whether the Magistrate Judge Erred in Staying Discovery**

Empire lastly contends that the Magistrate Judge erred in ruling that Empire could not pursue discovery as to the amount-of-loss issues unless two of the appraisers agreed, and that any other discovery was stayed pending the appraisal. (Doc. 39 at 20). In reaching his decision, the Magistrate Judge first noted that the

---

[3] In making this determination, the Magistrate Judge correctly observed that "[a] lump-sum appraisal award presenting nothing more than a single figure for the entire 42-building condominium complex would not be appropriate." (Doc. 36 at 16 (citing *Naples II*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *3 (M.D. Fla. Mar. 10, 2022) (finding no plain error where the Magistrate Judge recommended [based on a reading of the policy as a whole] that the appraisal panel should issue an award that delineates between the specific coverages offered under the policy).

9

appraisal process is an informal proceeding that may precede litigation and its "tools for discovery." (Doc. 36 at 18 (citing *Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Inc.*, 117 So. 3d 1226, 1229 (Fla. 3d DCA 2013))). He then observed that, based on his prior experience, "parties and appraisers sometimes find that the tools of formal discovery can facilitate the appraisal process." (*Id.*) The Court agrees, and Empire fails to cite any on-point authority prohibiting such a mechanism to assist, if necessary, in the appraisal process.

As to the stay of "[a]ll other discovery" (Doc. 36 at 18), a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted). In consideration of the relevant factors, the Court agrees that a stay is warranted because appraisal will resolve the amount-of-loss question and <u>potentially</u> resolve the parties' dispute. *See, e.g., Waterford*, 2019 WL 3852731, at *3 ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute."). A stay will not unduly prejudice either of the parties, and discovery may resume upon completion of appraisal.

Accordingly, it is **ORDERED**:

1. Empire's Objections (Doc. 39) are **OVERRULED**.
2. Empire's Motion for Stay Order Pending Review of Empire's Objections to Magistrate's Order Compelling Appraisal (Doc. 40) is **DENIED as moot**.

3. This action is **STAYED** pending completion of the appraisal process as set forth in the policies. The Clerk of Court is **DIRECTED TO ADD A STAY FLAG** to this case and to **STAY THIS CASE** pending further order of this Court.

4. Due to the expiration of the previously set deadlines, the parties are **DIRECTED** to jointly notify the Court of the names of each party's selected appraiser on or before June 1, 2023. The appraisers may not have served as an adjuster for either party, and their compensation may not be contingent on the outcome of this matter, the outcome of the appraisal, or on any valuations they may make during the appraisal process. In other words, they may only be paid on a flat fee or hourly basis for their service. This comports with the policy's requirement for "impartial" appraisers. (Doc. 26-1 at 51; Doc. 26-5 at 52).

5. On or before June 15, 2023, the appraisers must agree to an umpire and the parties will contemporaneously file a joint notice identifying the members of the appraisal panel. If the appraisers are unable to agree, the parties will file a motion by June 22, 2023 requesting a court-appointed umpire, and the motion will be set for an in-person hearing before the Magistrate Judge during which the parties' appraisers will explain their objections to each other's proposed umpires.

6. All other rulings remain in effect.

**ORDERED** in Fort Myers, Florida on May 18, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE