UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**CALUSA BAY NORTH CONDOMINIUM ASSOCIATION, INC.** and
**CALUSA BAY SOUTH CONDOMINIUM ASSOCIATION, INC.**,

   Plaintiffs,

v.                                                                                          2:21-cv-540-JLB-NPM

**EMPIRE INDEMNITY INSURANCE COMPANY**,

   Defendant.

---

**ORDER**

In this insurance-coverage action concerning the impact of Hurricane Irma on a condominium complex in Naples, Florida, the court previously referred the amount-of-loss issues to an appraisal panel for resolution. (Doc. 36). The insurer tried to obtain interlocutory review, and the court stayed the appraisal order. (Doc. 65). But finding no jurisdiction under the Federal Arbitration Act or any other law, the Eleventh Circuit dismissed the appeal. *Calusa Bay N. Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 23-11844, 2024 WL 33906, *1 (11th Cir. Jan. 3, 2024). Plaintiffs now move to lift the stay on appraisal (Doc. 75), and the court held a status conference with the parties. (Doc. 78). Informed by that discussion, the court grants

plaintiffs' motion[1] and imposes the following procedures and deadlines governing the appraisal:

**Selecting Appraisers and Umpire:** The parties have already selected competent and impartial appraisers. And since the parties have not filed a motion for the court to appoint an umpire, the appraisers have presumably agreed to one. By **July 29, 2024**, the parties shall file a joint notice identifying the members of the appraisal panel.[2] If the appraisers have not agreed to an umpire, then by **August 5, 2024**, they must file a motion requesting a court-appointed umpire, and the motion will be set for an in-person hearing during which the parties' appraisers will explain their objections to each other's proposed umpires.[3]

**Discovery During Appraisal:** The court's experience in other insurance-coverage matters with appraisal issues has revealed that parties and appraisers sometimes find that the tools of formal discovery can facilitate the appraisal process. And as provided in the Federal Arbitration Act, a majority of the panel "may

---

[1] Although the stay on appraisal proceedings is lifted, this case shall otherwise remain stayed pending completion of the appraisal.

[2] Throughout the process, the parties may communicate with, and provide information to, the three-member panel. Once it is assembled, they must forego any ex parte communications with the panel or any of its members.

[3] *See Liberty Mut. Grp., Inc. v. Wright*, No. CIV.A. DKC 12-0282, 2012 WL 718857, *6 (D. Md. Mar. 5, 2012) (requests to appoint an appraisal umpire are processed as motions under the Federal Arbitration Act).

summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." *See* 9 U.S.C. § 7.[4] Likewise, a party may, with the concurrence of at least two members of the appraisal panel, conduct discovery concerning the amount-of-loss issues referred to the appraisal panel for resolution.

**Form of the Appraisal Award:** For each covered property and each subpart with separate coverage (e.g., condominium building, carport, club house, screened enclosure), the appraisal panel must delineate corresponding replacement-cost values, actual-cost values, ordinance-or-law figures, and any other policy-benefit figures as appropriate. *See* Fla. Stat. § 627.419(1) ("Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto."); *see also Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (reasoning that each clause in an insurance policy must be read

---

[4] *See Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 (2d Cir. 2019) (an appraisal to determine amount-of-loss issues constitutes an arbitration for purposes of the FAA); *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London*, 567 F. Supp. 3d 1099, 1106 (D. Neb. 2021), *aff'd sub nom.*, 60 F.4th 1206 (8th Cir. 2023) (same); *Register v. Certain Underwriters At Lloyd's*, No. 5:20-cv-52-TKW-MJF, 2020 WL 6106624, *3 (N.D. Fla. Apr. 20, 2020) (same); *see also Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 7 (1st Cir. 2004) (an agreed method to reach a binding resolution by a third-party neutral about a fact in dispute constitutes an arbitration for purposes of the FAA).

in conjunction with the entire policy). RCV awards must further delineate separate figures for each component (e.g., roof, gutters, each window, each door, the drywall for an interior room, etc.).[5]

To the extent the award includes any figures for replacing undamaged items to match the replacement of damaged items,[6] any such award must be separately set forth in the RCV award and no portion of it should be included in the ACV award. *See Vazquez v. Citizens Prop. Ins. Corp.*, 304 So. 3d 1280, 1283-1285 (Fla. 3d DCA 2020) (the cost of matching is not relevant or recoverable when repairs have not been made such that recovery is for actual cash value only).

Overall, the award must be made with full consideration of the provisions, exclusions, and other terms of the insurance policy. After the appraisal panel determines what was caused by the covered peril, as opposed to excluded causes, and further determines the amounts and values of the losses attributed to the covered peril, the court will account for policy limits, deductibles, and prior payments before entering any judgment.

---

[5] Commonly done using software such as Xactimate. By stipulation, the parties may require the panel to include more detail in its award than otherwise set forth in this order.

[6] For example, replacing undamaged wood flooring when replacing damaged wood flooring because the original flooring material is no longer available or suitable. This is distinct from the replacement of an entire component, such as a roof or one of its slopes, for any other reason (such as a regulatory standard that requires the replacement of an entire system or component thereof when a certain portion of it must be repaired or replaced).

**Completion of Appraisal:** The appraisal process must be completed by **November 22, 2024**. Within **one week** after the appraisal concludes, the parties must promptly file a joint notice informing the court of the outcome of the appraisal and attach a copy of the appraisal award. The parties must also contemporaneously file a joint motion to lift the stay and advise the court about the nature of any further proceedings that may be appropriate.

**ORDERED** on July 22, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge